## COMMONWEALTH *vs.* JOHN MONTGOMERY.

After evidence of a larceny had been given, on the trial of an indictment for stealing a package of bank bills in December, it was *held* that evidence that two of the bills, (which were identified,) each of the denomination of one hundred dollars, were in the defendant's possession, one of them in March, and the other in April following, might be submitted to the jury, and that they might infer

therefrom, and from accompanying circumstances, that he stole the whole package. *Held also,* that although none of the stolen bills were identified, yet that evidence was admissible, to prove that the defendant, after the larceny, was in possession of two one hundred dollar bills, like those that were proved to have been stolen, and also of a large amount of other bank bills; and that such evidence, together with evidence that the defendant was destitute of money before the larceny, might be submitted to the jury, to be considered by them, in connexion with other accompanying circumstances indicative of his guilt.

THE defendant was indicted for stealing a trunk containing bank bills and checks, the property of the Waltham Bank, in the possession of Dana Manson. On the trial, in the court of common pleas, before *Cushing,* J. there was evidence that said Manson was the owner and driver of the Waltham stage coach; that he received from the cashier of said bank, at Waltham, on the morning of December 5th 1845, to be carried to the Suffolk Bank in Boston, a trunk containing the bank bills alleged to have been stolen, and put it into a box attached to the driver's seat on said coach, and locked the box; that he drove the coach into Boston, and after he had taken his horses therefrom, and put them into a stable, he first discovered that the trunk and its contents had been taken from the box.

There was evidence that among the bank bills, which were in said trunk, there were five bills of the Concord Bank, of the denomination of one hundred dollars; that there were twenty three one hundred dollar bills, of the emission of said bank, in circulation on the 5th of December 1845, only nineteen of which had been returned to said bank, at the time of the trial; that these nineteen had been so returned, at irregular intervals of time, and in different numbers, from December 1845 to July 1846; but that it was not known from whom the said bills were received, nor were any of them identified as having been in circulation at any particular time before the 5th of December 1845; that on the 23d of March 1846, the defendant presented, at the Brighton Bank, a bill of the Concord Bank, of the denomination of one hundred dollars, and again, on the 13th of April 1846, presented there another like bill of Concord Bank, to be exchanged for bills of said

Brighton Bank. And there was evidence tending to identify the bills, so presented by the defendant for exchange, as two of the bills that were in the trunk delivered, as aforesaid, to Manson; but there was no evidence tending to identify any other of the bills that were stolen, nor were any of them found in the possession of the defendant.

The judge instructed the jury, (among other things,) "1st. That the possession of the two one hundred dollar bills by the defendant, if those bills were identified, to the satisfaction of the jury, as a part of the property alleged to be stolen, was evidence of a taking by the defendant, to be considered by the jury in connexion with the other circumstances of the case, according to the rule of the common law relating to the recent possession of stolen property, which rule was explained to the jury, and, as explained, was not objected to by the defendant, provided the evidence in the case was such as properly to admit of the application of the rule : 2d. That the possession of the said two one hundred dollar bills, if not identified, to the satisfaction of the jury, as a part of the property taken, was still a circumstance proper for the jury to consider, in connexion with the other evidence, as tending to show the amount of funds in the possession of the defendant at the several times when those bills were exchanged at the Brighton Bank."

In the course of the trial, the district attorney offered evidence to prove that the defendant, within a few weeks after the 5th of December 1845, deposited between two and three thousand dollars in the Charles River Bank and Cambridge Bank. The defendant objected to the admission of this evidence, unless the money, so deposited, should be identified as part of the money alleged to be lost. But, as the government had already introduced evidence tending to prove that the defendant's ordinary business was not such as to admit such a sudden increase of his bank deposit, and that the probable profits of his business were not equal to the amount deposited, and that his previous business, during the last five years, was not such as to put him in a way of obtaining such

an amount of money — though there was no conclusive evi-
dence, either way, of the defendant's source of income, aside
from his business — the court ruled that the evidence was
admissible, as showing the possession of funds, by the de-
fendant, to that amount, at the time, though the money so
deposited was not identified.

The jury found the defendant guilty, and he alleged excep-
tions to the instructions and rulings of the court.

*J. C. Adams*, for the defendant.

*Nelson*, (District Attorney,) for the Commonwealth.

DEWEY, J. The objection to the instructions of the judge,
as to the competency of the evidence of the possession, by
the defendant, of a certain portion of the stolen property, after
the period of time that had elapsed between the time of the
alleged larceny and such possession of the stolen goods by the
defendant, is not well founded. We understand, from the
bill of exceptions, that the rule of law, (Roscoe Crim. Ev.
2d Amer. ed. 17 – 20,) as to any inferences that might be
drawn from such evidence, and, if any, to what extent, was
stated in accordance with the principles of the law of evi-
dence, and with all the proper distinctions, and qualifications
as to a recent possession, or one more distant from the time
of the alleged larceny. The possession of a part of the stolen
property at a period somewhat distant would be competent
testimony to be submitted to the jury, and might, with other
sufficient evidence, tend to satisfy them of the guilt of the
party. But its weight and effect are very different from that
of evidence of possession immediately after the larceny. It
might be entirely insufficient to raise any such presumption
against the party as would call upon him to explain his pos-
session.

The further objection is, that the judge instructed the jury
that the possession, by the defendant, of two one hundred
dollar bills, though not identified as a part of the property
stolen, was still a circumstance proper for their consideration,
as tending to show large sums of money in the hands of the
defendant subsequently to the larceny. Such evidence may

be competent. Its effect may be very slight, and, in many cases, furnish not the least ground for charging a party. The possession of a large sum of money, with strong accompanying circumstances of guilt, of an independent character, accompanied with evidence of entire destitution of money before the time of the larceny, may properly be submitted to the jury to be considered, with all the evidence in the case. We understand the instructions upon this point to go no further than this. *Exceptions overruled.*